IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Gary D. Daniels, | : | |
| | : | Case No. 1:20-cv-691 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Motion for Default |
| Carroll Vernatter, *et al.*, | : | Judgment |
| | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff's Motion for Default Judgment, a Memorandum and Evidence in Support of Damages, and a Supplemental Memorandum and Evidence in Support of Damages. (Docs. 37, 41, 43.) In an Order dated August 9, 2022, the Court granted partial judgment in favor of Daniels and against Defendants Carroll Vernatter and James Terry, jointly and severally, in the amount of $586,266.90 for medical expenses. (Doc. 42 at PageID 275.) However, the Court held in abeyance the issue of pain and suffering damages so that Daniels could further supplement the record. (*Id.*) Daniels now has provided additional evidence. For the reasons that follow, the Court will grant judgment in favor of Daniels and against Vernatter and Terry, jointly and severally, in the amount of $2,500,000 for pain and suffering in addition to the $586,266.90 for medical expenses.

I.      FACTS AND ANALYSIS

The Court set out the procedural and factual history in previous Orders and will not repeat it in full here. Pending before the Court is Daniels's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) to the extent that he seeks compensatory damages for past pain and suffering in the amount of $1,500,000 and for future pain and suffering in the amount of $1,000,000. (Doc. 41 at PageID 234.)

1

The relevant facts can be briefly re-summarized.  On September 10, 2019, Daniels, then age 73, was badly injured in a motorcycle accident caused by Vernatter, who was driving a vehicle owned by Terry.  He lost consciousness, experienced acute respiratory failure, and suffered other extensive injuries, including "intracranial hemorrhage, subarachnoid hemmorrhage [j/c], subdural hematoma, scalp lacerations, multiple rib fractures, left scapula fracture, transverse T4-T5 fractures within the thoracic spine and left pneumothorax amongst other strains, contusions and cuts."  (Doc. 41-1 at 237, 241.)  He was placed on a ventilator and required a feeding tube.  Daniels received in-patient treatment at two separate facilities for at least two months.  During that time, he was unable to follow verbal commands from therapists as needed to begin physical therapy until October 13, 2019.  He later received intensive physical and occupational therapy until at least March 2020 on everything from basic mobility to learning how to brush his teeth and dress himself.  Therapists described the injuries he sustained and the symptoms he experienced as consistent with traumatic brain injury.  Daniels was unable to care for himself for at least several months after the accident, necessitating his daughter to live with him.

Prior to the accident, Daniels "lived alone, was independent with all activities of daily living, and did not use durable medical equipment."  (*Id.* at PageID 246, 252.)  His current condition and future prognosis are markedly different.  Daniels suffered from a stroke as a result of the brain injury incurred in the accident, and he has lost 90% of the function in his left hand.  (Doc. 43-1 at PageID 279–280.)  As a practical matter, this has limited his ability to do such normal life activities as washing dishes and cleaning his home.  (*Id.* at PageID 280.)  He has hired outside help to clean his home and maintain his yard.  (*Id.*)  He also requires the use of modified tools and containers to cook for himself.  (*Id.*)  He will require these aids and outside

assistance for the rest of his life. (*Id.*) On an emotional level, Daniels feels a loss of morale at not being able to use both hands because he was a "diesel mechanic for 44 years." (*Id.*) Additionally, he continues to suffer from significant memory loss. Relatedly, he has difficulty speaking, specifically with "structuring sentences," due to the brain injury. (*Id.*)

The accident also "exasperated greatly" Daniels's congestive heart failure condition. (*Id.*) He is required to visit King's Daughters Heart Failure Clinic every three months. (*Id.*) He also engages in home health visits and virtual care and takes medications to address his congestive heart failure. (*Id.*) This medical care will be required for the rest of his life. (*Id.*) Finally, Daniels continues "to experience aches and pains throughout [his] body." (Doc. 41-1 at PageID 237.)

In sum, as a result of the accident, Daniels suffered extensive injuries, some permanent, that have caused him significant pain and suffering, diminished his ability to live independently, and greatly reduced the quality of his life. The Court will award him damages in the amount of $2,500,000 for pain and suffering.

## II. CONCLUSION

For the foregoing reasons, Daniels's Motion for Default Judgment (Doc. 37) is **GRANTED**. Judgment is granted in favor of Daniels and against Vernatter and Terry, jointly and severally, in the amount of $3,086,266.90 ($2,500,000 for pain and suffering plus $586,266.90 for medical expenses).

**IT IS SO ORDERED**.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge